McBrayer v. Cohen.

Case 87—PETITION ORDINARY—January 14.

# McBrayer v. Cohen.

92  479
f120  109
92  479
119  540

APPEAL FROM ANDERSON CIRCUIT COURT.

1. Sale by Auctioneer—Sufficiency of Memorandum.—An auctioneer is to be ordinarily treated as agent of both seller and purchaser of either real or personal property sold by him, and a memorandum of the sale signed by him is a sufficient written memorial of the contract to bind both parties.

2. Same.—A printed advertisement of the sale previously made may be considered in connection with, and in aid of, the auctioneer's memorandum in identifying the land sold.

3. Same.—It is no objection to a writing evidencing the sale of real estate that it remained in possession of the vendor.

4. Same—Measure of Damages for Breach of Contract by Purchaser.—Where land is sold at auction, and the purchaser failing to comply with the terms of sale, the owner in good faith and with reasonable care and diligence publicly resells the land, after duly advertising it, in an action by him against the purchaser to recover damages for breach of the contract the criterion of recovery is the difference between the amount which defendant bid at the first sale and the highest bid obtained at the second sale, together with the expense of the second sale.

5. Same—Tender of Deed.—The plaintiff in such an action having offered to make a good and unincumbered title, and the defendant having refused to comply or to even recognize the existence of the contract, it is not a material inquiry whether the land was incumbered with mortgages, nor is it necessary for plaintiff to execute and tender a deed in order to maintain the action.

6. Instructions to Jury.— An instruction telling the jury they were authorized to find for plaintiff if they believed, among other things, that immediately after the sale "the auctioneer signed a memorandum in writing of said sale" did not leave it to the jury to determine whether the auctioneer's memorandum was a sufficient written memorial of the contract, but merely submitted the simple question of fact whether the particular memorandum was, immediately after the sale, signed by the auctioneer.

WILLIAM LINDSAY [FOR APPELLANT.

1. While it may be true that in cases like this the auctioneer is to be regarded as the agent of both the seller and purchaser, and that he may bind both by a memorandum in writing signed by him for them

and as their agents (Gill v. Hewitt, 7 Bush, 12, 13), yet the memorandum so made and signed must so far describe realty as to reasonably identify it, and also set out the terms of the sale with a fair degree of certainty. (Hanley v. Blackford, 1 Dana, 21; Overstreet v. Rice, 4 Bush, 3; Ellis v. Deadman, 4 Bibb, 466; Hayden v. McIlvain, 4 Bibb, 58.)

As to auctioneers' sales, see Thomas v. Harrodsburg, 3 Mar., 299; Martin v. McFaddin, 4 Litt., 242.

2. As the memorandum of the auctioneer was treated as the property of the seller of the lands, and not as the common property of the seller and purchaser, to be held and retained by the auctioneer as the agent of each, it was not sufficient to take the contract out of the statute of frauds.

3. The court erred in leaving the jury to determine what constituted a memorandum in writing.

4. The advertisements can not aid the memorandum, as the petition nowhere sets out, either literally or in substance, what the advertisements contained in the way of description or in regard to the terms of the sale.

C. W. HARDIN AND D. W. LINDSAY FOR APPELLEE.

1. The memorandum of the auctioneer is a sufficient memorial of the contract to exempt it from the operation of the statute of frauds. (Grotenkemper v. Achtermeyer, 11 Bush, 226; Thomas v. Kerr, 3 Bush, 619; Gill v. Hewitt, 7 Bush, 12.) ·

2. The instruction of the court is not subject to the criticism that it is misleading or that it submits to the jury a question of law.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Cohen brought this action against McBrayer to recover the difference between the amount for which plaintiff's tract of land was first publicly sold, when, as alleged, it was by the auctioneer knocked off to defendant at his, the highest, bid of twenty dollars per acre, and amount at seventeen dollars and fifty cents per acre it was sold for at the second public sale, which, as alleged, was made in consequence of defendant's refusal to comply with the terms of his bid, and also compensation for expense and trouble incurred by reason of the second sale.

Though the defendant denied in his answer he did, as stated in the petition, bid for the land, we think the evi-

dence satisfactorily shows he not only bid the price mentioned but the land was in his hearing and by his consent knocked off to him by the auctioneer. Besides, that issue of fact was distinctly submitted to and determined by the jury in favor of the plaintiff. The main question then is whether the contract set out and relied on in the petition is under section 1, chapter 22, General Statutes, mutually binding on the parties and enforceable by either. That part of the section applicable to this case is as follows: "No action shall be brought to charge any person upon any contract for the sale of real estate unless the contract or some memorandum or note thereof be in writing and signed by the party to be charged therewith or by his authorized agent."

Though the contract in question was not formally reduced to writing and signed by the respective parties in person, it appears that immediately after the land was knocked off to defendant the auctioneer signed the following memorandum: "Three hundred and sixty-five acres at \$20 per acre, to Capt. McBrayer. I certify the above is correct. Oct. 10, 1888. T. D. English;" which must be regarded sufficient written memorial of the contract to bind the purchaser and likewise seller. For it has been decided by this court that the auctioneer is to be ordinarily treated as agent of both seller and purchaser of real as well as personal property sold by him. (Gill v. Hewett, 7 Bush, 10.)

But it is argued by counsel the contract is not enforceable for the following reasons : First, that the land is not sufficiently described in order to identify it. Without stopping to consider whether the description contained in the memorandum would be alone such as to justify en-

forcement of the contract, there can be no doubt of the identity of the land having been rendered certain by reference to the printed advertisement of the sale previously made, which, as held in Gill v. Hewett, may be considered in connection with, and in aid of, the auctioneer's memorandum in identifying the land sold. Though it was stated in the petition one of the printed hand-bills of the sale was filed as an exhibit, it does not appear in the transcript before us. But that omission, whether fault of the plaintiff or clerk, is not material, for the contents of the advertisement were set out in the petition and verified by the proof.

The second objection to the validity and efficacy of the memorandum is that it was made in a blank book belonging to the plaintiff and left in his possession. It does not, however, seem to us that position is tenable, because possession of the seller of written evidence of such contract does not have the effect to relieve him from his obligation thereby imposed upon him, nor deprive the purchaser of his right to have it enforced. In this case no attempt was made by Cohen to deny or avoid the contract; besides the auctioneer made and took away with him a duplicate of the memorandum which he held for the benefit, and subject to the demand of McBrayer the purchaser.

The court instructed the jury substantially as follows: That if the land of plaintiff was on October 10, 1888, knocked off to defendant at the price of $20 per acre, and he was the last and highest bidder, and immediately afterward the auctioneer signed a memorandum in writing of said sale, and then plaintiff was ready, able and willing to make defendant a good, sufficient and unincum-

bered title to the land, and offered to do so, and defendant refused to accept the land when thus offered, and plaintiff was by reason of said refusal compelled to readvertise and resell said land at public outcry to the highest bidder, and at said subsequent sale the land brought less than the last bid of defendant at the former sale, then the plaintiff was entitled to recover the difference between the first and second sale, and necessary expense of the last sale.

It is made in argument an objection to that instruction that it left the jury the right to determine what constituted, in meaning of the statute, a memorandum in writing. That position we think is incorrect, because fairly construed the instruction submitted to the jury the simple question of fact, whether the particular memorandum set out in the petition and attempted to be proved was immediately after the sale signed by the auctioneer, and the jury could not have reasonably understood they were instructed to determine whether such memorandum was a sufficient memorial of the contract.

Defendant asked, but was refused, an instruction to the effect that it was not incumbent on him to comply with the terms of the purchase, unless plaintiff had a good fee-simple, unincumbered title to the land, and produced a deed therefor duly executed and acknowledged; and further, that before plaintiff could require of defendant compliance with terms of the purchase, it was his duty to cause a release of the mortgages with which it appears the land was incumbered.

The evidence shows that immediately after the sale defendant left the place and went to his home in Lawrenceburg, without either applying for a memorandum of

the sale, or affording plaintiff an opportunity of tender-
ing a deed, even if he had been then ready to do so, which
of course was not contemplated, nor indispensable; and
that plaintiff on the next day went to the place of de-
fendant's residence and offered to make a good title to
the land according to the terms of purchase, free from
all incumbrances, but defendant then denied he had bid
for the land, and ignored the contract entirely. We
therefore think that in view of plaintiff's offer to make a
good and unincumbered title, and defendant's refusal to
comply or accept compliance with the terms of the con-
tract, or to even recognize existence of it, it was not a
material inquiry whether the land was incumbered with
mortgages or not, nor was it necessary for plaintiff to
execute and tender a deed in order to maintain the action.
Defendant also asked the court to instruct the jury that the
measure of damages is the difference in the value of the
land October 8, 1888, date of first, and November 18,
1888, date of second sale, together with cost of adver-
tising and making second sale, which instruction the
court likewise refused to give. Of course the difference
in the actual value of the land at these two dates was
not appreciable, and consequently the effect of that in-
struction would have been to withhold from plaintiff all
benefit and advantage of his contract with defendant,
and without reason exempt the latter to a great extent
for liability for breach of it. It seems to us the true, in
fact only practicable, criterion of recovery in this case is,
in addition to the cost and expense of the second sale,
the difference between the amount which defendant bid
at the first sale and became legally bound to pay for the
land, and the highest bid obtained at the second sale,

which should and appears to have been made publicly, with reasonable care and diligence, in good faith and after having been duly advertised. It is not to be assumed that the land brought at the first sale more than its actual value, or at the second less than its value; on the contrary, for obvious reasons, the first public sale of land when fully advertised is generally made under more favorable circumstances than subsequent ones, and in this case the first sale, by reason of personal property being offered at the same time, was calculated to attract a greater number of bidders than attended the second. But be that as it may, neither the contract right of the plaintiff nor liability of defendant is at all affected by that question. The actual loss incurred by plaintiff without his fault, on account of breach of the contract by the defendant, is the measure of damages in this case, and as the jury was, we think, properly instructed as to the mode of fixing the amount, the judgment is affirmed.