Case 107.—ACTION BY C. L. PATTERSON AGAINST THE ILLINOIS CENTRAL RY. CO. FOR DAMAGES FOR THE FAILURE OF THE RAILROAD COMPANY TO DELIVER COTTON SEED MEAL.—Nov. 20.

## Patterson v. Illinois Cent. Ry. Co.

| 123 | 783 |
| f132 | 583 |
| 132 | 586 |

Appeal from Larue Circuit Court.
SAMUEL E. JONES, Circuit Judge.
Judgment for Defendant. Plaintiff appeals. Affirmed.

1. Carriers—Contract to Deliver Feed—Delay in Delivery—Special Damage—Contemplation of Parties to Contract—In an action for special damages against a carrier for failure to deliver cotton seed within a reasonable time, for loss in weight of cattle and extra work in taking care of and providing proper feed for them during the delay, the rule is that where a contract has been broken the damages for the breach are such as may reasonably be supposed to have been in contemplation of both parties at the time the contract was made as the probable result of the breach of it.

2. Notice to Carrier—Situation of Plaintiff—New Contract—Consideration—Where there was delay in the shipment of cotton seed, with which to feed cattle owned by the plaintiff, the fact that the plaintiff gave notice to the carrier of the seed of his special need thereof, who then agreed to trace it and deliver it as soon as possible, did not constitute a new contract between the parties, there being no consideration therefor, and there can be no recovery on such a promise.

OTIS M. MATHER, CHAS. D. CREEL and SAM'L Y. JONES for appellant.

### POINTS AND AUTHORITIES.

1. The petition is based upon alleged negligence of appellee in failing to trace and deliver the freight after notice was given that special damages would inevitably result from further delay.

2. Authorities relied upon by appellee do not distinguish between the original contract liability of the carrier and his negligence in failing to perform a duty which he owes to the consignee upon notice of special circumstances.

3. Authorities: (a) Lawson on Contracts, Sec. 464; (b) Cyclopedia of Law and Procedure, Vol. 6, page 450; (c) Amer. & English Ency., Vol. 5, 2nd Edition, 393; (d) Gee v. Ry. Co., 6 Hurlston & Norman, 217; (e) Rogan v. Wabash Ry. Co., 51 Mo. App., 676; (f) Wells Fargo & Co. v. Battle, 5 Tex., Civ., App., 532; (g) R. R. Co. v. Pounder, 82 Miss., 568.)

WILLIAMS & HANDLEY for appellee.

J. M. DICKINSON and TRABUE, DOOLAN & COX of Counsel.

The question in this case is:

Will the gross negligence of a carrier in delaying the delivery of freight, after notice of inevitable special damage from further delay, render the carrier liable to the consignee for the special damage resulting from such negligence.

### AUTHORITIES CITED.

Hadley v. Baxendale, 9 Exch., 341; Missouri & R. R. v. Belcher, 89 Tex., 428; (35 S. W., 6); Bradley v. R. R. Co., 68 N. W., 410; 94 Wis., 44; Gee v. Railway Co. 6 Hurl & N., 217; Lawson on Contracts, Sec. 464; Rogan v Wabash Ry. Co., 51, Mo. App., 676; Wells Fargo & Co. v. Battle, 5 Tex. Civ. App., 532 (24 N. W., 352.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Appellant Patterson, on November 1, 1904, caused to be delivered to the Illinois Central Railroad Company at Helena, Ark., a car load of cotton seed meal and hulls consigned to him at Hodgenville, Ky. The car load was not delivered at Hodgenville until the 24th of November, and he filed this suit to recover damages. He alleged in his petition that a reasonable time for the delivery was not more than 6 days, or not later than November 7th; that on or about November 4th, and at divers other times before the car load of provender was finally delivered, he called at the depot of the defendant at Hodgenville to receive

it, and, learning that it had not arrived, he notified the defendant that the car load of cotton seed meal and hulls was to be used by him in feeding a large number of cattle which he then had on hand and was feeding on cotton seed meal and hulls; that his supply of such feed was almost exhausted; that he could not supply himself eslewhere, and his cattle could not be changed to other feed without great loss and he would be greatly damaged by further delay in the delivery of the feed; that the defendant upon receiving this notice undertook to trace the car load of feed and have it delivered to him in a reasonable time thereafter; that a reasonable time after the notice was given was not more than 6 days, and the freight should have been traced and delivered not later than November 13th, but that by gross negligence in tracing and delivering the car it was not delivered until 11 days later, whereby he was deprived of the proper feed for his cattle for a period of 11 days; that thereby he sustained great loss in the weight of his cattle and in extra work and labor in attempting to care for them and secure proper feed for them during this time, amounting in all to the sum of $220, for which he prayed judgment.  The circuit court sustained a demurrer to his petition, and he appeals.

The general rule is that, where a contract has been broken, the damages which may be recovered for the breach are such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract as the probable result of the breach of it.  It will be observed that the damages which the plaintiff sought to recover are wholly special damages, growing out of the fact that he was feeding a  lot of cattle on cotton seed meal and hulls, that the cattle would not eat other feed without loss, and that the delay in getting the cotton seed meal entailed upon him extra labor, expense, and

loss in his cattle. This special loss was due to the peculiar circumstances of the plaintiff, and the rule is that, unless such special circumstances are brought home to the other contracting party at the time the contract is made, there can be no recovery of such damages because they cannot reasonably be supposed to have been in contemplation of both parties at the time they made the contract. Appellant's counsel concedes the general rule to be as stated, but it is insisted that after he gave notice on November 4th of the peculiar circumstances in which he was placed, and the defendant then agreed to trace the stuff and deliver it as soon as it could, it became liable for the special damages sustained after a reasonable time for the delivery, counted from the date of that notice But it is not averred that any new contract was made between the parties on November 4th. No new consideration is averred, and, from the allegations of the petition, it cannot be inferred that a new contract was made then. If one party could by a subsequent notice make the other party liable for such special damages, then the rights of the parties would not be determined by the contract between them or by their situation at that time, but by the act of one of the parties alone. The rule that the notice should be given at the time the contract is entered into rests upon the ground that the person to whom the notice is given may have an opportunity to protect himself by the contract which he makes or by special precautions to avoid loss. A notice given afterwards by one party would afford the other party no such opportunity for self-protection. Accordingly it is held that a notice to the carrier subsequent to the contract and after the goods have been shipped will not make him liable for special damages in cases of this sort. M. K. & T. Ry. Co. v. Belcher (Tex. Sup.) 35 S. W. 6; Crutcher v. Choctaw, etc., R. R. Co. (Ark.) 85 S. W. 770; Bradley v. C., M.

& St. P. R. R. Co (Wis.) 68 N. W. 410, and cases cited.

There was no allegation of a depreciation, or of any injury to the property by the delay. The recovery was sought solely upon the special damages growing out of the loss in the cattle, and, this not being recoverable, the circuit court properly sustained the demurrer to the petition.

Judgment affirmed.