## Fairbanks, Morse & Company v. Hooper.

(Decided February 27, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Actions—Pleading—Instructions.—In an action for damages for the failure to deliver an engine within a reasonable time, and for loss of sales of beer, whiskey, and the loss of use of whiskey license, an instruction directing the jury that they might find for the plaintiff the value of the beer, whiskey, and the value of the use of the Government license was error, there being neither allegation nor proof that the defendant knew the purpose for which the boat was to be used.

2. Contracts—Delivery—Absence of Stipulation as to.—Where a contract contains no stipulation upon the time of delivery, the law implies a reasonable time.

GIFFORD & STEINFELD for appellant.

ROBERT J. HAGAN, for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

About July 13, 1909, appellant, by written contract, sold to appellee a three-cylinder marine gasoline engine, with all accessories. The price was $275, of which sum $200 was paid in cash. Hooper turned in an old engine owned by him, which appellant was to endeavor to sell within four months for $75, the balance due from Hooper; and if it was not sold within this time, the old engine was to be returned to Hooper and he was to pay the $75 in money. It was agreed also that if the services of an engineer to erect the engine in Hooper's boat were

necessary, the appellant would supply one at 60 cents per hour and expenses to and from its Louisville store. The engine was furnished, and the $200 paid. The old engine was not sold and the $75 has not been paid. The services of the erecting engineer were called for and supplied; and the engine was set up in Hooper's boat.

The engine and the manner of its installation proving unsatisfactory to Hooper, he brought this action for damages on September 14, 1909. In his petition and amended petition he charged in substance that the engine was not delivered within a reasonable time, and that it was agreed that a reasonable time should not exceed five days; that the engine was badly set up, continually broken down, and would not run the boat. He stated that he had been placed at considerable expense, lost considerable time, suffered damages to his goods, and annoyance and vexation; that he had placed on the boat beer, whiskey and food to the value of $30, which had been destroyed; that he had bought a Federal Whiskey license at a cost of $25, and that because the boat would not run he had lost the use of his license on it; and that he had necessarily paid out $82 to others than Fairbanks, Morse & Company for repairs. He prayed judgment for $1,000. The defendant answered denying the above allegations upon which the claim for damages was predicated. By counterclaim it sought a recovery of $75 due on the engine, a bill of $52.70 due for workmen at 60 cents per hour, as named in the contract, $9.57 carriage paid it on the engine, which Hooper was to pay, and $39.90 for two additional propeller wheels and some other small items. Issue was joined and a trial had resulting in a verdict and judgment in plaintiff's favor for the net sum of $425. The defendant appeals.

The court so instructed the jury as that they might find for plaintiff the value of the beer, food and whiskey, the value of the use of his government license, and his own loss of time. There was neither allegation nor proof that Fairbanks, Morse & Company knew the purpose for which the boat was to be used, nor does the written contract contain any statement of any such purpose. The instruction, therefore, allowing a recovery for the loss of plaintiff's time, his goods and his government license, was plainly error. The case, therefore, must be reversed.

The plaintiff apparently tried to separate the contract into two distinct parts or contracts and to recover

for a breach of the implied obligation that the engineer's installation work should be properly done; though he alleged as well that the engine continually broke down, and introduced proof to show its defective construction. The contract, however, was one and entire. It was for the sale of the engine at $275, or for the sale of the engine set up at $275 plus the cost of the engineer's services. By calling for the engineer's services the plaintiff made the contract an entire one for the engine set up; and in the absence of any allegation or showing that Fairbanks, Morse & Company knew the purpose for which it was to be used, an instruction allowing a recovery for prospective profits, or loss of time, was erroneous. Upon a retrial, therefore, the court will not admit to the jury evidence of the loss of the whiskey and beer, nor of the use of the government license, nor of the plaintiff's loss of time. The damages sought to be recovered for these items are special in nature; and for them there can be no recovery unless the special circumstances of the plaintiff, and the special loss to which he might be subjected, are brought home to the defendant at the time the contract is made. In Hadley v. Baxendale, 9 Exchequer Reports, 341, the rule which has been followed without exception in this State is thus laid down:

"Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise gener-

ally and in the great multitude of cases not affected by any special circumstances from such a breach of contract. For, had the special circumstances been known, the parties might have specially provided for the breach of contract by special terms as to the damages in that case; and of this advantage it would be very unjust to deprive them.''

This is the doctrine declared in Bates v. Norton Iron Works, 113 Ky., 372; Illinois Central Railroad Co. v. Nelson, 139 Ky., 449, and in many other cases and is conclusive in the case at bar.

Now, there was put in evidence a receipt signed by Hooper, in which he recited the proper doing of the work. The receipt was given when the work was first done. It is not conclusive against him, because the defects, if any, were not such as were discoverable by ordinary care at the time. He, therefore, was entitled to a reasonable time in which to give the installed engine a reasonable test, and to his reasonable expense in endeavoring to make it run, if its construction or installation was faulty. Marbury Lumber Co. v. Stearns Manufacturing Co., 107 S. W., 200.

It seems that the defendant admits the payment by plaintiff of the freight item of $9.57 set up as a part of the counterclaim—at least, it so appears from the little that is in the record about this item. If the payment is not admitted, this item should be submitted to the jury by an appropriate instruction, in addition to those which will hereinafter be directed to be given.

The contract itself contains no stipulation upon the time of delivery. The law, therefore, implies a reasonable time. No testimony should be admitted upon retrial as to any agreement as to the time of delivery; for the written contract, in the absence of fraud or mistake, evidences the entire contract.

It results from the foregoing remarks that the instructions upon the former trial should have been, and upon the next trial should be, in substance as follows:

1. If the jury believe from the evidence that the engine was not sound in construction, or was not properly set up, they will find for plaintiff such sum in damages as they may find from the evidence to be the difference, if any, in value between the engine as it was, and as it was set up, and its value as it would have been if sound in construction and properly set up.

You are further told that under the contract between

plaintiff and defendant, the defendant had a reasonable time in which to deliver said engine, considering the usual and customary methods of transporting goods of its nature and character, and the distance which it had to be transported. If you believe that said engine was not furnished within such reasonable time, then you will find for plaintiff such sum in damages as will be a fair compensation for the loss of the use of such an engine for any ordinary purposes during such delay, if any. But you will not find exceeding, in any event, $863, under the items named in instruction No. 1, being the amount claimed therefor by the plaintiff in this petition.

2. If the jury believe from the evidence that said engine was not sound in construction, or was not properly set up, and that plaintiff necessarily expended any money in trying to make it right, they will find for him such sum, if any, as they find from the evidence he so expended, not exceeding, however, the sum of $82 for this item the amount named in the petition.

3. The jury will find for the defendant against the plaintiff the sum of $75 the unpaid balance due upon said engine.

4. If you believe from the evidence that all or any part of the work done by defendant's erecting engineers was done in a proper and workmanlike manner, then you will find for defendant against plaintiff such sum as such proper work, if any, would amount to at 60 cents per hour, but not exceeding for this item the sum of $52.70, the amount named in the counter-claim; and if you believe from the evidence that any of such work, though properly done, was necessary to correct preceding defective work, if any, of such engineers, you will find nothing for such corrective work.

6. The jury will take the total of such sum or sums, if any, as they may find for the plaintiff as against the defendant, and the total of such sum or sums as they may find in favor of the defendant as against the plaintiff, and deduct the smaller from the larger sum and find in favor of the party in whose favor the balance may be the amount of such balance.

7. Nine or any greater number of the jurors may make a verdict, but if any less than the whole number make the verdict, those who do make it must sign it. If all the jurors agree only one need sign it.

For the reasons given the judgment is reversed and the cause remanded for a new trial consistent herewith.