## Hogg et al. v. Edley et al.

(Decided November 21, 1930.)

ASTER HOGG for appellants.

HAWK & LEWIS for appellees.

Opinion of the Court by Chief Justice Thomas—Reversing.

Appellants and defendants below jointly owned a body of timber in Letcher county, and they entered into a written contract with appellees and plaintiffs below to saw certain dimensions of it into lumber, the defendants getting out the logs and delivering them to plaintiffs' mill, which was located on the timbered tract. The contract under which defendants purchased the timber required that it should be removed from the land within eighteen months from the date thereof, which was March 16, 1927, eighteen months from which would be September 16, 1928, by which time the timber under the contract for its purchase would have to be removed. The contract with plaintiffs was made shortly after the purchase of the timber, and immediately following that they installed their mill. After the expiration of eighteen months, plaintiffs filed this action against defendants in the Letcher circuit court to recover a balance of $225.14, which they claimed was due them from defendants for the sawing done under the contract.

Defendants answered, and admitted the account sued on, but pleaded two items as offsets thereto, the first of which was a violation of the contract by failing to properly saw the lumber in workmanlike manner, by reason of which defendants sustained damages in the sum of $250; and the second of which was that, at the time the contract for the sawing was entered into plaintiffs were

notified of the time limit for the removal of the timber and entered into the sawing contract with that knowledge, and that they were further expressly notified on several successive days for four weeks immediately preceding the expiration of that time and urged to manufacture the logs that had been prepared by defendants, at least 100 of which were on the millyard, and about 200 or more in piles near thereto, but that they persistently failed and refused to do so in violation of their repeated promise, and that they suffered the time limit for the removal of the timber to expire, whereby defendants lost the logs, to their further damage in the sum of $500; and they pleaded the aggregate amount of their damages of $750 as a counterclaim.

That pleading was by agreement controverted of record, and the parties went to trial, resulting in a verdict for plaintiffs for the full amount of their claim and the disallowance of any credit for either of the items in the counterclaim. Defendants' motion for a new trial was overruled, and, from the judgment pronounced on the verdict, they prosecute this appeal, and urge as a ground for reversal the single question of the refusal of the court to submit to the jury the question of damages embodied in the second item of the counterclaim; i. e., the failure of plaintiffs to saw the logs that had been prepared by defendants, resulting in their forfeiture to the seller of the timber after the expiration of the eighteen months.

The reason for the court's declining to submit that item to the jury is not made clear from the record. During the introduction of the evidence the court first intimated that it was his opinion that the contract between plaintiffs and defendants for the sawing of the timber was unilateral in its terms, and for that reason he then declined to permit evidence on the second item of the counterclaim, and which he later refused to submit to the jury; but later in the trial he reversed his opinion as to the contract being unilateral and permitted the defendants to introduce testimony concerning the number of logs that plaintiffs failed to saw and their value. We think the court was clearly in error as to his first conclusion, i. e., that the contract was unilateral, and that he was correct in his second one, that it was not so, and, unless some other reason existed for his refusal to submit that issue, we are at a loss to know why it was done, unless it was because the court concluded that the value

of the logs as such was not the proper criterion of damages, and that the proper measure of defendants' recovery on that item of their counterclaim would be the difference between the cost of having the remaining logs sawed into lumber, and the price that plaintiffs agreed to do that work, and upon which there was no testimony introduced. As a general rule and ordinarily, under properly prepared pleadings, the latter rule would be the correct one upon the failure of the sawyer to perform his contract. But lawsuits are determined by, and rules and principles of law are built on, facts which as a general rule are different in each case and peculiar to it; and it remains to be seen whether the court's refusal to instruct the jury as indicated, if based on the supposed reason, was or not correct.

The general rule for measuring damages flowing from a violated contract is that the violator "is liable to the person injured in compensatory damages for all the natural and direct or proximate consequences of his wrongful act or omission." 17 C. J. 728, sec. 69. But he is not liable for remote speculative losses which were not reasonably within the contemplation of the parties at the time the contract was made, or of which the violator was aware in sufficient time to correct. The text is supported by a great number of cases from almost every court in the Union, including many from this court, cited on page 730 of the same volume. Within that rule the injured party to a contract, because of its violation by the other, is entitled to compensation for that which he has directly lost by the wrongful act of the other party to the extent, of course, that such direct loss was in the reasonable contemplation of the parties. See Pugh v. Jackson, 154 Ky. 649, 157 S. W. 1082.

An extension or an enlargement of that rule is also well established in the law whereby the injured party for the violation of a contract may recover damages from the violator "arising out of the special circumstances surrounding the contract," but "different from those which would naturally and probably flow from the breach of such a contract" in all cases "where it is shown that at the time of making the contract the defaulting party had knowledge of such special circumstances." The excerpts are taken from the text in 17 C. J. 746, sec. 77, and in note 98 to that text many cases from various courts are cited, including these from this court: Stevens v. Lewis, etc., Co., 168 Ky. 648, 182 S. W. 840; Fairbanks

v. Hooper, 147 Ky. 154, 143 S. W. 1025; Pulaski Stave Co. v. Miller's Creek Lumber Co., 138 Ky. 372, 128 S. W. 96; Feland v. Berry, 130 Ky. 328, 339, 113 S. W. 425; American Bridge Co. v. Glenmore Distilleries Co., 107 S. W. 279, 32 Ky. Law Rep. 873; Patterson v. Illinois Cent. R. Co., 123 Ky. 783, 97 S. W. 426, 30 Ky. Law Rep. 78. To that list may be added the cases of Pugh v. Jackson, 154 Ky. 649, 157 S. W. 1082, and Louisville & N. R. R. Co. v. Mink, 126 Ky. 337, 103 S. W. 294, 31 Ky. Law Rep. 833. Those cases fully sustain and approve the extended principle and apparent exception to the general rule set forth in the last inserted excerpts from the text of 17 C. J., and, upon reading the cited domestic opinions, it will be found that some of them at least, particularly the Stevens case, contain facts growing out of transactions very similar to what this record contains.

Following the rules as so established for the measurement of damages flowing from a violated contract, we see that it was in proof that plaintiffs were notified of the time limit within which the timber should be removed from the tract of land upon which it was growing, and they were specially notified (and which was proven without contradiction) thereof within abundant time to have sawed the remaining logs before that limit expired. But, notwithstanding such knowledge and notification, they failed to do so, resulting in their forfeiture to the seller of the timber under a well-established principle of the law relating to the subject, the correctness of which is admitted by all parties to this litigation. Therefore plaintiffs were and are liable to defendants for their violated contract in failing and refusing to saw the logs that were subsequently forfeited, and which leaves for consideration only the measurement of their liability under the facts of this record.

To begin with, the uncontradicted testimony shows that plaintiffs, almost daily during the four weeks preceding the expiration of the time limit, were notified of the day when that limit would expire, and were urged to saw the remaining logs which, according to the proof, could have been done within from three to five days, and that they agreed to do so but failed and refused, and that the logs were thereafter forfeited to the seller of the timber. It will thus be seen that at the outset, if it should be concluded that it was the duty of the defendants to have removed the timber from the land, they were induced not to do so by being lulled into the belief

that plaintiffs would comply with their contract and saw and manufacture the logs into lumber, which could be removed, as they had repeatedly promised to do. However, passing that feature of the case, if plaintiffs desired to avoid responsibility for the value of the unsawed logs, it was incumbent upon them to allege and prove facts establishing such an avoidance. That requirement cast the burden on them to show whether defendants could have removed the logs, and if so, whether at a less expense than their value, or to allege and prove, if denied, that defendants could have procured another or others to saw the logs, and in which case plaintiffs would be liable for only the difference of that cost over and above the price for which they had agreed to do the sawing. They alleged no such facts, and, for aught that appears from the record, defendants may not have been able to procure another or others to saw the logs at all, or it may have cost them as much to remove the logs elsewhere as they were worth. At any rate, it behooved plaintiffs to exhibit to the contrary by pleading and proof, neither of which did they attempt.

Therefore, under the record as presented to us, we are forced to the conclusion that the court erred in not submitting to the jury damages claimed in the second item of the counterclaim by an appropriate instruction conforming to the principles announced in this opinion, and which was embodied in defendants' offered and refused instruction B, but which was incorrect because it failed to incorporate plaintiffs' knowledge of the time limit at the time of entering into their contract for the sawing of the lumber, or that they were so notified in time to saw the forfeited logs in compliance with their contract before the time limit expired.

Wherefore the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.