**William E. FURLOW et al., Appellants,**

v.

**J. Harvey STURGEON, Appellee.**

Court of Appeals of Kentucky.

Nov. 29, 1968.

Rehearing Denied Feb. 14, 1969.

Richard C. Oldham, Dorothy G. Cox, Louisville, for appellants.

Allen Schmitt, Louisville, for appellee.

DAVIS, Commissioner.

The present controversy arises incident to the sale of real estate by the appellants to the appellee by a contract which the appellee refused to carry out. The trial court entered summary judgment allowing appellee to recover $1,000 which had been paid as earnest money when the contract was executed, plus $212.50 which appellee had expended for legal services for examination of the title. Appellants contend that there was no legal basis for appellee's breach of the contract; hence, they should have been awarded damages.

The contract of sale provided in pertinent part:

"4. An unemcumbered, marketable title to said property to be conveyed by deed of General Warranty, with the usual covenants such as any title company will insure, except easements of record, restrictive covenants of record as to use and improvement of said property, and except applicable regulations imposed by the Planning and Zoning Commission,

AND EXCEPT:

_____"

\* \* \* \* \* \*

"8. Should title to said property prove defective, according to the terms of this

contract, the SELLER is to pay the examination cost."

\* \* \* \* \* \*

"12. We have read the entire contents of this contract and acknowledge receipt of a copy of same. It is expressly agreed that all terms and conditions of this contract are included herein, and no verbal agreements of any kind shall be binding upon the parties hereto. We further certify that we have examined the property described hereinabove and that we are thoroughly acquainted with its condition and accept it as such."

The vendee Sturgeon employed counsel to examine the title to the property and, through counsel, learned that the property in question was subject to an easement as appeared of record in the Jefferson County Clerk's office in the deed by which the sellers had acquired their title. The exact language of the easement as contained in the deed is:

"Conveyance subject to a perpetual easement across property in favor of first parties or those claiming under them for the purpose of maintaining, using, and repairing a septic tank for the clear water discharge system of the septic tank serving the first parties' residence adjacent to the property herein conveyed. The location of the cap to said septic tank is approximately 2 feet North of the 48.04' call in the described property."

Upon learning of the easement, appellee instituted suit against the real estate agent with whom the $1,000 earnest money had been deposited in escrow, seeking to recover the deposit plus $212.50 expended for title examination. The appellants were permitted to intervene, and by their intervening answer asserted their entitlement to the $1,000 paid in escrow plus $3,500 alleged to have been sustained in damages by them by reason of the wrongful breach of the contract by the appellee.

Through certain requests for admissions, interrogatories, and affidavits, it was demonstrated that after appellee had elected to repudiate the contract by suing for return of his deposit, appellants sold the real estate to another buyer for $37,000, the exact amount which appellee had originally agreed to pay for the property; and appellants presented an itemized claim in excess of $3,000 as loss of rentals and other expenses occasioned by appellee's refusal to carry out the contract.

■ In its summary judgment, the court awarded judgment for appellee for $1,000 plus $212.50. The judgment specifically provided that it was a final judgment and that no just reason appeared for delay in granting final judgment. No specific reference to appellants' counterclaim was made in the judgment, but it may not be questioned that the judgment had the effect of disposing of all the claims of all the parties to the litigation. This court has quoted with approval from 30A Am. Jur., Judgments, Section 69 (formerly 30 Am.Jur., Judgments, Section 31) in which it is written:

"\* \* \* effect must be given to that which is unavoidably and necessarily implied in a judgment, as well as that which is expressed in the most appropriate language."

See Toms v. Holmes, 294 Ky. 233, 171 S. W.2d 245, 247. Although the judgment on appeal did not recite that the vendors' counterclaim was dismissed, there is an absolute implication to that effect. The vendee sought recovery based on his legal right to breach the contract—the vendors counterclaimed on the theory that there was no legal right to breach. Obviously, these claims were mutually exclusive, thus adjudicating in favor of one is negating the other.

■ It is elementary that a written contract is to be construed from the standpoint of the parties to it and the terms employed in it; the contract is to be given effect from that standpoint. Collings v. Scheen, Ky., 415 S.W.2d 589, 5 Ky. Digest Contracts ☞143. The contract between the appellants and the appellee provided in

plain terms that the conveyance contemplated by it would be of an unencumbered, marketable title with certain exceptions. One of the exceptions was "easements of record." The easement disclosed by the title examination was of record when the contract was made. By the very terms of the contract, the easement as recorded was not such imperfection of title as warranted appellee's rescission of the contract.

It was noted in Hoskins v. Walker, Ky., 255 S.W.2d 480, 481, that a vendee is not required to accept a title which is subject to a more onerous covenant than that specified in the contract. It follows, of course, that the vendee is required to accept title subject to whatever covenants or conditions are specified in the contract.

Appellee urges that appellants can have no damages even if the contract was illegally breached, since the property was subsequently sold for a price equal to the original contract price. As noted in Graves v. Winer, Ky., 351 S.W.2d 193, the usual measure of damages for a breach by the vendee of a contract for the sale of land is the difference between the contract price and the actual value of the land on the date of the breach, if the actual value is less than the contract price. But that same decision points out that if specific performance is not had for a justifiable reason, then the vendor may recover for lost rents.

In McBrayer v. Cohen, 92 Ky. 479, 18 S.W. 123, 13 KLR 667, cited with approval in Graves v. Winer, supra, it was recognized that where a purchaser of land at public auction repudiates his bid and necessitates a resale, the measure of damages in a suit against him by the vendor is the excess of his bid over the price at which the land sold, together with the expense of the resale. In view of our conclusion that the appellee-vendee was not warranted in breaching the contract, we hold that the vendor-appellants are entitled to such sum in damages as they may be able to prove arose naturally from the breach of the

rights which that contract was contemplated to assure. Graves v. Winer, Ky., 351 S.W.2d 193, 196.

Since there was an evidentiary showing in behalf of appellants creating a genuine issue of material fact on their entitlement to recover lost rentals, it was improper for the trial court to grant summary judgment rejecting their counterclaim.

The judgment is reversed for further proceedings consistent with the opinion.

All concur.