RENDERED: APRIL 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0559-ME

VIRGIL L. CAUDILL, III                                       APPELLANT

                     APPEAL FROM GRANT CIRCUIT COURT
v.                  HONORABLE R. LESLIE KNIGHT, JUDGE
                           ACTION NO. 12-CI-00442

JERRY SUMMERS; LAURETTE SUMMERS;
CHRISTINE M. SUMMERS; AND W.J.S., A
MINOR CHILD                                  APPELLEES

OPINION
VACATING AND REMANDING[1]

** ** ** ** **

BEFORE: GOODWINE, KRAMER, AND MAZE, JUDGES.

KRAMER, JUDGE: Virgil L. Caudill, III, appeals a March 20, 2020 order of the

Grant Circuit Court which the circuit court entered to, in its view, "clarify" a prior

---

[1] Rendition of this expedited appeal was administratively delayed two weeks due to error in the Clerk's Office.

custody and visitation order it had entered on October 1, 2019. Upon review, we vacate and remand.[2]

Appellees Jerry and Laurette Summers are the maternal grandparents of W.S., a minor child. Appellee Christine Summers is the mother of W.S. and appellant Virgil Caudill, III, is W.S.'s father. This appeal involves the interpretation and enforcement of an October 1, 2019 order that the Grant Circuit Court entered regarding the parties' parenting and visitation rights with respect to W.S. In relevant part, the order provided as follows:

### FINDINGS OF FACT

1. [Christine] has now relocated back to Grant County and is residing in the home with her parents, [Jerry and Laurette].

2. Although [Christine] is now living with her parents, she often stays away from said residence for days at a time.

3. [Christine] has failed to exercise a significant amount of her parenting time. However, since moving back to Grant County, [Christine] has exercised the majority of her parenting time.

4. [Christine] has failed to financially contribute to the care of [W.S.]

5. [Jerry and Laurette] are significantly involved in the exchanges of the minor child and often utilize [Christine's] court ordered parenting time.

---

[2] Rendition of this expedited appeal was administratively delayed two weeks due to error in the Clerk's Office.

*6. It is in the best interest of [W.S.] that he continues to maintain the loving relationship that he has enjoyed with his Maternal Grandparents, [Jerry and Laurette].*

7. A joint custody arrangement requires a finding that Parties have the ability to co-parent with one another. In this case, the Court finds to the contrary.

## JUDGMENT OF THE COURT

1. [Virgil's] Motion for Sole Custody is GRANTED.

2. [Christine] shall have parenting time with [W.S.] the first, third, and fifth weekends of each month.

3. *If necessary, [Jerry and Laurette] may exercise [Christine's] parenting time.*

4. The Parties shall exercise holiday parenting time pursuant to this Court's Local Rule 10.0.

5. [Christine] shall ensure that [Virgil] has full access to school and medical information concerning [W.S.]

6. *[Jerry's and Laurette's] Motion for Grandparent Visitation is DENIED.*

(Emphasis added.)

The controversy at issue in this appeal began shortly after this order was entered and chiefly involves the provisions emphasized above. Specifically, on November 12, 2019, Jerry and Laurette filed a motion, the relevant substance of which was as follows:

> Comes now the Third Party Petitioners, Jerry Summers and Laurette Summers, by and through counsel, and

-3-

moves the Court to compel the Respondent, Virgil L. Caudill, III, to comply with the Court's Order of October 1, 2019 and allow the Third Party Petitioners to exercise the Petitioner's, Christine M. Summers, parenting time with the minor child. Alternatively, the Third Party Petitioners respectfully request that the Respondent be found in contempt for his refusal to abide by the Court's October 1, 2019 Order.

The Petitioners would state that since the entry of the October 1, 2019 Order that the Respondent has provided the child to them according to the parenting schedule of the Petitioner, Christine Summers (Local Rule visitation), with the exception of one weekend. On Friday, November 1, 2019, the Respondent's step mother arrived at the meeting location and informed the Petitioner, Jerry Summers, that the child would not be going with them this weekend because they believed that the mother was in jail.

Christine Summers will be at the Summers home on the weekend of November 15 – 17, 2019, however it remains to be seen whether Mr. Caudill will follow this Court's Order or make up his own rules of visitation.

In short, Jerry and Laurette believed that the October 1, 2019 order, set forth above, had granted them an enforceable assignment of Christine's right of parenting time with respect to W.S. Further, as illustrated by the fact that this was *their* motion and *not Christine's* motion, Jerry and Laurette believed they had independent standing to invoke the circuit court's contempt power to enforce this right against Virgil.

Responding, Virgil disagreed. Rather, he interpreted the October 1, 2019 order, and its statement in paragraph "3" (*i.e.*, "If necessary, [Jerry and

-4-

Laurette] may exercise [Christine's] parenting time"), merely as indicating it was the circuit court's intention to provide *him* the *discretion* to permit Jerry and Laurette to exercise Christine's parenting time.

This dispute became the subject of a November 27, 2019 hearing before a domestic relations commissioner of the Grant Circuit Court. Thereafter, the commissioner entered a recommended order – which the circuit court adopted on March 20, 2020 – "clarifying" the October 1, 2019 order in relevant part as follows:

> IT IS HEREBY ORDERED that the meaning intended for the phrase "if necessary", in paragraph 3 of the Court's October 1, 2019 Order ("If necessary, the Third-Party Petitioners/Maternal Grandparents may exercise the Petitioner's parenting time"), means when the mother (Petitioner, Christine Summers) is not available to parent the child for whatever reason. The phrase "if necessary" does not mean at the discretion of the father (Respondent Virgil Caudill, III).

In other words, the circuit court interpreted the October 1, 2019 order consistently with Jerry's and Laurette's interpretation, *i.e.*, as granting Jerry and Laurette an enforceable right of visitation with W.S., subject to Christine's "availability." Hence, Virgil lacked the discretion to deny them visitation. Virgil timely appealed this order.

It is well settled that once a judgment becomes final, the trial court loses jurisdiction to modify it absent a showing of extraordinary circumstances

-5-

justifying the reopening of the judgment. CR[3] 54.01; 60.02. *See also Cawood v. Cawood*, 329 S.W.2d 569 (Ky. 1959); *Mullins v. Hess*, 131 S.W.3d 769 (Ky. App. 2004); *Fry v. Kersey*, 833 S.W.2d 392 (Ky. App. 1992). Here, no party has ever appealed, contested, or otherwise sought to modify the October 1, 2019 order. And because of that, Virgil argues the circuit court's March 20, 2020 order – which he views as effectively modifying and amending the prior October 1, 2019 order – was improper.

Jerry and Laurette, on the other hand, assert the March 20, 2020 order did not modify but merely interpreted the October 1, 2019 order consistently with its terms. And indeed, if that truly is the case, the circuit court did not lose jurisdiction in this matter because it merely exercised its continuing authority "to enforce its own judgments and remove any obstructions to such enforcement." *Akers v. Stephenson*, 469 S.W.2d 704, 706 (Ky. 1970) (citing 46 AM. JUR. 2D *Judgments* § 898; *Crook v. Schumann*, 292 Ky. 750, 167 S.W.2d 836 (1943)). *See also Shelby Petroleum Corp. v. Croucher*, 814 S.W.2d 930 (Ky. App. 1991); *Ballew v. Denny*, 296 Ky. 368, 177 S.W.2d 152, 154 (1944) (citation omitted) (explaining "[t]he mere interpretation of a judgment involves no challenge of its validity").

---

[3] Kentucky Rule of Civil Procedure.

As further explained in *Board of Education of Campbellsville Independent School District v. Faulkner*, 433 S.W.2d 853, 855 (Ky. 1968),

> [A] judgment always is open to construction by any court that is asked to give effect to it. And if the judgment is ambiguous by reason of circumstances not apparent on the face of the record supporting it, we perceive no sound reason why it may not be shown by extraneous evidence . . . . If that is good law for deeds, contracts, wills and other writings, and it has always been so recognized, it is no less good law in the case of an anomalous judgment. It is always proper to consider what the judgment should have been, since it will be presumed that the court intended to adjudge correctly in law upon the facts of the case, and of two possible interpretations of the language of the judgment, that one will be adopted which makes it valid, in preference to one which would make it erroneous.

(Internal quotation marks and citations omitted.)

Moreover, when interpreting a judgment, "effect must be given to that which is unavoidably and necessarily implied in a judgment, as well as that which is expressed in the most appropriate language." *Furlow v. Sturgeon*, 436 S.W.2d 485, 486 (Ky. 1969) (citation omitted). *Furlow* also provides that where claims in an action are mutually exclusive, "adjudicating in favor of one is negating the other." *Id*.

With these rules in mind, we begin with the presumption that in entering the original October 1, 2019 order, the circuit court "intended to adjudge *correctly* in law[.]" *Faulkner*, 433 S.W.2d at 855 (emphasis added) (citation

-7-

omitted).  Considering that rule, the October 1, 2019 order cannot properly be interpreted as providing Jerry and Laurette authority to enforce Christine's parental or visitation rights associated with W.S.  This type of right *cannot be assigned*. *See*, *e.g.*, *Hamilton v. Duvall*, 563 S.W.3d 697, 701 (Ky. App. 2018) ("It is telling that grandparents initiated this case and sought visitation through father while he was in jail 'claim[ing] that father transferred his superior right of custody to them during his incarceration[.]' This right, of course, is not transferable.").[4]

Likewise, the original October 1, 2019 order cannot properly be interpreted to have granted Jerry and Laurette any form of *independent* rights of visitation associated with W.S.  To explain, the right of grandparent visitation derives solely from KRS[5] 405.021; thus, consistently with that statute, "[i]f a grandparent wishes to have visitation with a grandchild, he or she must petition the circuit court in the county in which the child resides and must prove by clear and convincing evidence that visitation is in the child's best interest." *K.C.O. v. Cabinet for Health and Family Servs.*, 518 S.W.3d 778, 785-86 (Ky. App. 2017) (quoting *VanWinkle v. Petry*, 217 S.W.3d 252, 258 (Ky. App. 2007)).  Here, in paragraph "6," the October 1, 2019 order *denied* Jerry's and Laurette's petition for

---

[4] While the disposition of this matter does not require the Court to plunge into the constitutional realms surrounding grandparent visitation versus a parent's superior and fundamental right to make decisions regarding his child without overt state interference, we offer *Hamilton*, 563 S.W.3d 697, as an excellent overview on the subject.

[5] Kentucky Revised Statute.

-8-

visitation rights. *See Furlow*, 436 S.W.2d at 486 (explaining that where claims in an action are mutually exclusive, "adjudicating in favor of one is negating the other").

Accordingly, there are two competing interpretations of the language in the October 1, 2019 order at issue in this matter, *i.e.*, "If necessary, [Jerry and Laurette] may exercise [Christine's] parenting time." The circuit court's interpretation would, as discussed, render the October 1, 2019 order invalid. Whereas Virgil's interpretation is consistent with Kentucky law and is, therefore, the proper interpretation. *See Faulkner*, 433 S.W.2d at 855 (citation omitted) ("[O]f two possible interpretations of the language of the judgment, that one will be adopted which makes it valid, in preference to one which would make it erroneous.").

We are left, then, with only one conclusion: Through its March 20, 2020 order, the circuit court did not "clarify" its prior October 1, 2019 order, but rather attempted to modify that order in a manner prohibited by its jurisdiction and statutory authority. We therefore VACATE the March 20, 2020 order of the Grant Circuit Court. Upon REMAND, the circuit court is instructed to deny Jerry's and Laurette's November 12, 2019 motion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Marianne S. Chevalier
Ft. Mitchell, Kentucky

BRIEF FOR APPELLEES:

Casey Cheesman
Williamstown, Kentucky

Stephen L. Bates, II
Dry Ridge, Kentucky