**ROSE BOWL LANES, INC., Appellant,**

**v.**

**CITY OF LOUISVILLE et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 6, 1963.

———◆———

C. E. Schindler, Louisville, William L. Brooks, Frankfort, for appellant.

Bernard S. Goldstein, Asst. Law Director, Norman A. Curtis, James L. Taylor, Henry A. Triplett, Louisville, for appellees.

MONTGOMERY, Judge.

Rose Bowl Lanes, Inc., seeks to appeal from a judgment holding void a zone reclassification ordinance and granting a permanent injunction against construction of a bowling alley or certain other uses. The action was brought by certain property owners who have moved to dismiss the appeal for failure to conform to CR 73.03.

The rule, in part, provides:

"The notice of appeal shall specify the parties taking the appeal, and shall designate the judgment or part thereof appealed from."

The movants contend that the notice of appeal fails to "designate the judgment or part thereof appealed from." The notice of appeal is as follows:

"Mr. Henry A. Triplett, Attorney for Plaintiffs, Louisville Trust Building; Mr. Norman A. Curtis, Attorney for Defendants, the Wellers, 820 Marion E. Taylor Bldg.; Mr. Bernard Goldstein, Attorney for the City of Louisville, 1517 Kentucky Home Life Building; and Mr. James L. Taylor, Attorney for the Louisville and Jefferson County Planning and Zoning Commission, Kentucky Home Life Building, will take notice that the undersigned will prosecute the appeal of Rose Bowl Lanes, Inc. by filing the record, a motion to docket, advance and submit, and his brief in the Court of Appeals on the nearest date possible, notice of which will be given."

Movants rely on the express wording of the rule which is couched in mandatory language and on Hawks v. Wilbert, Ky., 355 S.W.2d 655, and Armstrong v. McGuire, Ky., 283 S.W.2d 366. In the Hawks case, the Court re-examined its position concerning the policy of strict compliance with the rules of appellate practice and concluded "there is no reason to discuss the matter further or to depart from its policy of strict compliance." This policy was exemplified in Curtis v. Campbell, Ky., 336 S.W.2d 355, wherein an appeal was dismissed as to certain parties because they were not named in the notice of appeal. The principles underlying the policy have been thoroughly considered in the cases just mentioned and the cases cited therein.

Appellant admits its oversight and urges that no prejudice to the movants has been shown. It relies on certain federal cases decided under the companion federal rule, FRCP 73(b). The answer to the lack of prejudice plea is found in Commonwealth v. Black, Ky., 329 S.W.2d 192, quoting from City of Louisville v. Christian Business Women's Club, Inc., Ky., 306 S.W.2d 274, as follows:

"We are told that in substance no injustice would result from ignoring the rules in this case. That may be, but it cannot justify the departure. Just as soon as rules of procedure are ignored in order to do substantial justice on the merits in a particular case, there are no rules. What is done in one case must be done in all."

Following this rejection of a similar no prejudice plea, the Court made an earlier statement of its policy of strict compliance. Such omission on the part of the appellant seems a trifle on which to base the dismissal of an appeal, but on the other hand, it is such a simple thing to designate the judgment or part thereof appealed

from as to make the failure to do so inexcusable. Fairness to those against whom the rule has been enforced strictly strengthens our resolve to retain the policy of strict compliance. The motion to dismiss the appeal is sustained.

Appeal dismissed.