**Betty Lou SHERLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 20, 1967.

Rehearing Denied May 5, 1967.

John W. Coomes, New Castle, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, Lucien L. Kinsolving, Shelbyville, Bruce Hamilton, LaGrange, for appellee.

STEINFELD, Judge.

On June 1, 1966, Betty Lou Sherley was convicted of "unlawfully possessing intoxicating beverages in dry territory, * * *". Motion for a new trial was timely made and was overruled. Notice of appeal was given in the following form: "The Commonwealth of Kentucky is hereby notified that the Defendant, Betty Lou Sherley, does hereby appeal to the Court of Appeals the Order entered June 3, 1966, denying her Motion for a New Trial." The statement of appeal filed in this Court shows that this was not an appeal from the order "denying her Motion for a New Trial" but on the contrary from "The Judgment entered June 3, 1966 * * *". The Commonwealth moved to dismiss the appeal for the reason that the notice of appeal did not comply with RCr 12.52(3).

The Commonwealth argues that the above rule requires a proper designation

of an appealable order or judgment. It points out that the order overruling the motion for a new trial was not appealable. The statement of appeal stated that it was an appeal from a judgment rather than the denial of the motion for a new trial.

This Court has adopted a policy of requiring strict compliance with the rules of appellate practice. Rose Bowl Lanes, Inc. v. City of Louisville, et al., Ky., 373 S.W.2d 157.

We agree with the contention of the Commonwealth that in this case the order overruling the motion for a new trial was not an appealable order. Hardin v. Waddell, Ky., 316 S.W.2d 367. For these reasons the motion to dismiss the appeal is sustained and the appeal is dismissed.