**BOARD OF EDUCATION OF CAMPBELLS-VILLE INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**George D. FAULKNER, Jr., Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1968.

Rehearing Denied Dec. 13, 1968.

Clyde Williams, Jr., Campbellsville, Joseph J. Leary, Thomas F. Marshall, Frankfort, for appellants.

Fred Faulkner, Jr., Campbellsville, for appellee.

PALMORE, Judge.

In Cabe v. City of Campbellsville, Ky., 385 S.W.2d 51 (1964), this court affirmed a judgment of the Franklin Circuit Court entered March 24, 1964, establishing as the prevailing wages applicable to a school construction contract "the schedule of wages established by the City of Campbellsville on February 10, 1961, and found on page 6 of the Transcript of Record of the initial hearing held at Campbellsville, Kentucky, on August 19, 1963." Subsequently it was discovered that through typographical error the wage scale for carpenters was shown on page 6 of the transcript of the August 19, 1963, hearing as $3.00 per hour whereas in the city's ordinance of February 10, 1961, it had been set at $2.00 per hour. This case involves certain complications resulting from the discrepancy.

As required by KRS 337.510, the appellant school board included in its specifications pertaining to the construction project a schedule of prevailing wages. They set forth the schedule that had been established by the city ordinance of February 10, 1961. The invitations to bid were issued in April of 1964, after the judgment of the Franklin Circuit Court. The appellee, Faulkner, was the successful bidder. He employed carpenters at less than $3.00 per hour. In January of 1965, when the work was 90% completed, he was notified by the Kentucky Department of Labor through its representative, John O. Cecil, that he was not complying with the $3.00 wage rate applicable to carpenters under the March 24, 1964, judgment of the Franklin Circuit Court and would be required to pay his carpenters at that rate for the services they had already performed and would perform in completing the contract work. Without first consulting the school board Faulkner complied, and eventually paid a total of $2,-200.27 as the difference between $3.00 per hour and the rate at which he had hired his carpenters. Cf. KRS 337.530(2).

On March 9, 1965, Faulkner advised the school board by letter that he had been required by the Department of Labor to pay the carpenters $3.00 instead of $2.00 per hour and as of that date had paid an additional $1,441. The school board stood firm on the correctness of the $2.00 rate as contained in the contract specifications, and the Department of Labor stood equally firm in its insistence that the correct rate under the March 24, 1964, judgment of the Franklin Circuit Court was $3.00. Faulkner then brought this suit against the school board and the Department of Labor's employee Cecil claiming reimbursement from one or the other. The trial court found that the correct rate under the Franklin Circuit Court judgment was $3.00 per hour and entered judgment against the school board for $2,200.27, dismissing the claim against Cecil. The board's motion for an appeal to this court was sustained.

Faulkner's argument is that the school board was obliged by law to incorporate the proper schedule of wages in its contract specifications and, having failed to do so, is liable to the contractor. The only questionable premise in this logic is that the correct rate for carpenters was $3.00. His contention in that respect is that if there was a clerical error in the judgment of the Franklin Circuit Court it could and

should have been rectified in that proceeding in the manner provided by CR 60.01.

The difficulty with the latter contention is that the error in the transcript of the hearing of August 19, 1963, to which the judgment referred, was not discovered during the pendency of the proceeding. But we need not reach the question of whether CR 60.01 authorizes the re-docketing of a case for the purpose of correcting a clerical error in the record.[1] Regardless of whether this particular error could have been corrected, the fact is that it has not been corrected, and the school board does not seek to correct it, but to construe a judgment which by reason of the error is latently ambiguous.

■■■ We are of the opinion that a judgment always is open to construction by any court that is asked to give effect to it. And if the judgment is ambiguous by reason of circumstances not apparent on the face of the record supporting it, we perceive no sound reason why it may not be shown by extraneous evidence, as was done in this proceeding. If that is good law for deeds, contracts, wills and other writings, and it has always been so recognized, it is no less good law in the case of an anomalous judgment. "It is always proper to consider what the judgment should have been, since it will be 'presumed that the court intended to adjudge correctly in law upon the facts of the case,' and of two possible interpretations of the language of the judgment, that one will be adopted which makes it valid, in preference to one which would make it erroneous." Freeman on Judgments § 76 (Vol. 1, p. 133).

An examination of the findings of fact, conclusions of law and judgment entered by the Franklin Circuit Court on March 24, 1964, leaves no doubt that the trial court, in placing its imprimatur upon the scale of wages printed on page 6 of the August 19, 1963, transcript, did so only on the assumption that it was the same set of figures established by the city ordinance of February 10, 1961. Though no one really thinks otherwise, for the sake of the record we quote the following "taproot" finding from the Franklin Circuit Court judgment:

"When the incompetent evidence and self-serving documents are removed from the record in this case, the only evidence of probative value in the record is that produced by the plaintiffs in support of their contention that the rate established by the City of Campbellsville in all classifications in 1961 is the prevailing wage rate in Campbellsville and Taylor County today."

■■■ It is our conclusion that upon proof of the ambiguity it was incumbent on the trial court to construe the March 24, 1964, judgment of the Franklin Circuit Court in accordance with this basic finding. Hence the schedule of prevailing wages published by the school board with its bid invitations was not erroneous and the board cannot be liable.

■■■ The appellee, Faulkner, makes a further contention that the school board's appeal should be dismissed because the notice of appeal did not indicate an intention to challenge only a part of the judgment. This is a novel theory indeed. The point is that the school board did not make Cecil an appellee. The real fly in the ointment is that neither did Faulkner. If Faulkner wished to preserve his rights against Cecil it was he and not the school board who should have appealed that portion of the judgment releasing Cecil. He had no reason to expect that the school board would make Cecil an appellee. There was no litigation between Cecil and the school board, and no way the school board could have been aggrieved by whatever happened to Cecil in the judgment. Faulkner could have taken a provisional appeal against Cecil, asking this court to reverse the trial court's dismissal of his claim against Cecil in the event of a reversal in favor of the school board.

1. See 6A Moore's Federal Practice 4054, Par. 60.08[3].

CR 73.03, in providing that a notice of appeal shall specify "the judgment or part thereof appealed from," does not connote or imply that if the appealing party intends to challenge some aspect but not all of the judgment he must so indicate in the notice of appeal. Under a general notice of appeal identifying the judgment from which the appeal is taken the appealing party may attack any or all of the provisions of the judgment that aggrieve him, just as he may designate the entire record though only portions of it may be pertinent to his claims of error. Rose Bowl Lanes, Inc., v. City of Louisville, Ky., 373 S.W.2d 157 (1963), in which the appellants failed to specify the judgment, or any judgment, from which they were attempting to appeal is not in point.

The judgment is reversed with directions that the appellee's action against the school board be dismissed.

All concur.

