**Marion T. SEAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

W. R. Gentry, Jr., Bardstown, for appellant.

John Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Marion T. Seay, former county court clerk of Nelson County, Kentucky, was convicted of fraudulently converting to his own use $22,516 in fees for hunting and fishing licenses collected by him while county clerk, for the Department of Fish and Wildlife Resources. His punishment was fixed at a five-year term in the penitentiary. Attempting to obtain a review of that conviction, he has appealed, not from the judgment of conviction, but from the order overruling his motion for a new trial. That is not an appealable order and therefore we order the attempted appeal dismissed. See Sherley v. Commonwealth, Ky., 413 S.W.2d 627.

Though we are dismissing the appeal we have viewed the claimed errors and it is our conclusion that the appellant could not prevail on the merits. His claim of error in the denial of a continuance is not valid because he knew more than a year before the trial that he would have to explain the disappearance of the money; although he had a period of more than four months, after copies of all audit materials relied upon by the prosecution were furnished to him, in which to examine his records, he did not commence a thorough examination of his records until two weeks before the trial; and at no time did he employ professional accounting help to assist

in checking his accounts. Furthermore, his claim that the whole trouble was due to incorrect claims asserted by the Department of Revenue for auto license and usage tax fee collections is not plausible because the total amount of the Revenue Department's claim was only around $6,000 whereas the delinquency on the Fish and Wildlife claim was $22,516. We agree with the trial court that the appellant was given ample time to prepare for trial.

The evidence amply showed criminal intent, despite the appellant's denial that he had any such intent. He admitted that he had commingled all of his collections in one bank account; he admitted that he owed the $22,516 to the Department of Fish and Wildlife Resources; he admitted that he did not have the money; and his activities showed a pattern of misappropriation of public moneys in his hands.

The appeal is dismissed.

All concur.