FIRST NATIONAL BANK OF CINCINNATI, Appellant,

v.

Horst W. HARTMANN, Appellee.

and

FIRST NATIONAL BANK OF CINCINNATI, Paul Vesper, Appellants,

v.

Horst W. HARTMANN, Appellee.

Nos. 87–CA–000085–MR, 87–CA–000244–MR.

Court of Appeals of Kentucky.

Jan. 22, 1988.

Rehearing Denied April 1, 1988.

Paul J. Vesper, Covington, for appellant.

Ingolf Dinklage, Covington, for appellee.

Before HOWERTON, C.J., and
COMBS and WEST, JJ.

WEST, Judge.

This is an appeal from an order of dismissal and an order to disburse funds held in escrow.

This action originated with the filing of a foreclosure suit by First National Bank on a mortgaged piece of property in Boone County. Appellee, a title holder to the property, was one of the defendants but resided out of state at that time and was only constructively served by warning order attorney.

During the course of the foreclosure, the parties found a buyer for the property and entered into an agreed order settling the action. All claims against all parties except Horst W. Hartmann were dismissed and the agreed order was signed by attorneys for all parties.

In the interim, First National had filed a motion to amend the complaint seeking to add a new cause of action for money owed it by Mr. Hartmann. Because of a dispute between appellant and appellee as to the amount due, $13,176.48 was placed in escrow.

This claim was not related to the note and mortgage which were the subject of the foreclosure, despite appellant's contention that the guaranty of Mr. Hartmann secured the mortgage. The guaranty specifically states that it is in consideration of a loan to Mr. Hartmann's company, Patriot Tool Makers, Inc., and further states that "[T]he undersigned also gives to and creates in favor of the bank a security interest in property (*other than real property*) now or hereafter in the possession of or pledged or mortgaged to the Bank belonging to the undersigned...." (Emphasis added.) Appellee responded with a motion to dismiss, a motion to overrule the bank's motion to amend, and a request for release of the escrowed funds. The trial court granted all relief requested by appellee holding that the complaint must be dismissed for lack of jurisdiction.

Appellants first claim on appeal is that the "appearance" by appellee's counsel in signing the agreed order of dismissal and in filing motions seeking affirmative relief constituted an entry of appearance sufficient to give the court jurisdiction over the property and person of the appellee.

KRS 454.165 prohibits our courts from rendering personal judgments against constructively summoned defendants unless they have appeared in the action. An appearance has generally been found when a defendant has so participated in the action as to indicate an intention to defend. *Smith v. Gadd*, Ky., 280 S.W.2d 495 (1955). Of course, when the intention is to defend on the basis of lack of jurisdiction, one does not thereby lose that very defense. The distinction between the "general" and the "special" appearance was eliminated by the Rules of Civil Procedure. CR 12.02 specifically states that "No defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion." In Bertelsman and Philipps, 6 *Kentucky Practice* at 215 (1984), note 4 to that rule states:

Whatever rights a party formerly could assert by special appearance may be preserved regardless of whether or not a general appearance has been entered,

provided the defense or objection is timely presented under Rule 12. Even though the party at the same time or subsequently enters a general appearance, or by pleading or motion raises an issue with respect to the merits of the action, his special defenses remain intact if properly asserted.

CR 12.08 sets out the ways in which such a defense may be waived: "(a) if omitted from a motion in the circumstances described in Rule 12.07, or (b) if it is neither made by motion under Rule 12 nor included in a responsive pleading or an amendment thereof permitted by Rule 15.01 to be made as a matter of course." An agreed order of dismissal is not a responsive pleading in which a failure to raise a defense would thereby waive it.

■ Neither does seeking affirmative relief waive the defense by constituting an appearance. *Martin v. Cornett–Lewis Coal Co.*, Ky.App., 287 S.W.2d 164 (1956). Therefore, even if as argued by the appellee the appellants' motion for release of the escrowed funds is viewed as seeking affirmative relief, it does not constitute an appearance.

Although it is a difficult question, we agree with the trial court that it had no jurisdiction over the appellee which would support a personam judgment. While stipulations and agreements entered into between the parties may sometimes be regarded as an appearance, the mere endorsement of counsel on an agreed order of dismissal of the foreclosure action did not submit appellee to the court's jurisdiction for purposes of personal judgment. 6 C.J. S. § 31 et seq., *Appearances* (1975). There is considerable authority that a defendant not properly served so as to give jurisdiction over his person, may appear specifically to attack validity of an attachment or foreclosure, without appearing so as to submit himself to the court's jurisdiction in personam. *Id.* at § 33. Neither did the filing of a motion to dismiss on grounds of lack of jurisdiction bring appellee before the court as such defenses can properly be raised at any time. CR 12.02.

Appellant also claims error in the trial court's denial of its motion to amend the complaint, citing CR 15.01 which permits amendment once as a matter of course at any time before a responsive pleading is served. The amended complaint is not part of the record on appeal, but the court's order of December 16, 1986 indicates that the motion to amend was considered with the appellee's motion to dismiss. The court denied the motion to amend on the basis that the amended pleadings "would not affect personal jurisdiction."

■ While appellant did have leave to amend as a matter of course under the rules, we will not reverse for that reason in this case. Although amendments should be freely allowed, the trial court has wide discretion and may consider such factors as the failure to cure deficiencies by amendment or the futility of the amendment itself. CR 15.01; Bertelsman and Philipps, 6 *Ky.Practice*, at 310 (1984). In light of our affirmance of the dismissal herein, it would be an exercise in futility to remand for allowance of the amended pleadings.

Having considered appellant's remaining allegations of error and finding them to be without merit, we AFFIRM.

All concur.