RENDERED:  SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000898-MR


GARY ALLEN AND
GARY ALLEN CONSTRUCTION, INC.                    APPELLANTS


APPEAL FROM KNOX CIRCUIT COURT
v.          HONORABLE MICHAEL O. CAPERTON, JUDGE
ACTION NO. 13-CI-00497


HOMETOWN BANK OF CORBIN, INC.                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE:  Gary Allen and Gary Allen Construction, Inc. (collectively

"Allen") appeal from the orders of the Knox Circuit Court granting partial

summary judgment against them entered on November 3, 2014; denying their

motion to alter, amend, or vacate said order entered on October 23, 2018; denying

their motion to amend answer and counterclaim entered on October 23, 2018; and

granting summary judgment against them and denying their second motion to amend counterclaim entered on May 14, 2019. Following review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In June 2013, Gary Allen—accompanied by his friend Charles Kent—purchased an RV from East Gate Auto/RV Sales Center, LLC ("East Gate"). He traded in his fifth-wheel camper against the purchase price and wrote a check for $114,000 to pay the difference.[1] At least one repair was made to the RV while Allen waited and before he left the lot with it. According to Allen, at the time of purchase, East Gate promised to perform further repairs on a few specified items. However, no application for title was made and the RV's title never transferred to Allen.

Within a few weeks after purchase, East Gate called Allen and told him they needed to pick up the RV to obtain certain information from it for the bank—Hometown Bank of Corbin, Inc. ("Hometown Bank")—which had a secured interest in the RV. East Gate picked up the RV, held it on their lot for a period of time, and returned it to Allen with additional damages, as opposed to

---

[1] Allen testified he took out a $200,000 line of credit against his house to pay for the RV via a $114,000 cashier's check, and his construction company later paid off the line of credit.

repairs. Allen later contacted East Gate requesting that repairs be made and that he be given a certificate of title to allow him to insure the RV.

On or about July 14, 2013, a resale or refund—for the purposes of this appeal it matters not which—occurred with Allen returning the RV in exchange for his fifth-wheel camper and a Hometown Bank check from East Gate for $114,000. Daniel Day, the owner of East Gate, requested Allen wait until July 24, 2013, to cash the check. Allen called Hometown Bank several times to see if there were sufficient funds available to cash the check and was repeatedly informed there were not.

On July 24, 2013, Allen and Kent went to East Gate and obtained the keys to the RV. Kent began driving the RV toward Allen's home in Tennessee while Allen went to Hometown Bank to see if he could get the title to the RV or cash the $114,000 check. When Allen presented the check to Hometown Bank, he was informed there were still insufficient funds to cash the check. Don Ashley, Executive Vice President of Hometown Bank, spoke with Allen and suggested they meet with Day at East Gate. According to Allen, Day informed him that he should not take the RV over the state line because he could be subject to criminal prosecution since he did not hold title to the RV. Consequently, Allen called Kent and had him return to East Gate with the RV. The four gentlemen convened at East Gate, and the RV was placed in storage.

On November 5, 2013, Hometown Bank sued East Gate, Allen, and others. On January 7, 2014, Allen answered and counterclaimed against Hometown Bank, alleging fraud, intentional infliction of emotional distress (IIED), the tort of outrage, a claim for punitive damages, conversion, and violation of the Kentucky Consumer Protection Act (KCPA).[2] Written discovery was propounded, but Day refused to respond and ultimately passed away.[3] On April 21, 2016, Allen, Kent, and Ashley[4] were deposed.

Hometown Bank moved for summary judgment. On November 3, 2014, the court granted partial summary judgment against Allen on his IIED (as well as, presumably, his tort of outrage), conversion, and KCPA claims and found summary judgment premature for his fraud and punitive damages claims. Allen moved the court to alter, amend, or vacate this order, but the motion was denied. Allen also moved for summary judgment, which was denied as well.

On April 28, 2017, Allen moved the court to amend his answer and counterclaim to clarify his fraud claims and to add claims for unjust enrichment. This motion was denied. Allen then moved the court a second time to amend his

---

[2] Kentucky Revised Statutes (KRS) 367.110 *et seq.*

[3] Day died on August 19, 2018.

[4] Ashley died on December 4, 2018.

counterclaim, but the court deemed the motion untimely and futile. On May 14, 2019, the court entered summary judgment against Allen, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[5] 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698, 700 (Ky. App. 2000)).

Denial of a motion to amend under CR 15.01 is reviewed for an abuse of discretion. *Graves v. Winer*, 351 S.W.2d 193, 197 (Ky. 1961). Abuse of discretion occurs when the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

---

[5] Kentucky Rules of Civil Procedure.

# NO PROOF OF OWNERSHIP

On appeal, Allen contends the trial court erred by dismissing his conversion claims. In order to prevail on a conversion claim, one must show that:

(1) the plaintiff had legal title to the converted property;

(2) the plaintiff had possession of the property or the right to possess it at the time of the conversion;

(3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment;

(4) the defendant intended to interfere with the plaintiff's possession;

(5) the plaintiff made some demand for the property's return which the defendant refused;

(6) the defendant's act was the legal cause of the plaintiff's loss of the property; and

(7) the plaintiff suffered damage by the loss of the property.

*Jasper v. Blair*, 492 S.W.3d 579, 582 (Ky. App. 2016) (citation omitted).

Allen argues he was the "owner" of the RV, which pursuant to KRS 186.010(7)(a) is "a person who holds the legal title of a vehicle or a person who pursuant to a bona fide sale has received physical possession of the vehicle subject to any applicable security interest." Unfortunately for Allen, he never held legal title to the vehicle; he only briefly possessed the RV and no longer had physical

possession of it at the time of the alleged conversion, or during this lawsuit; and

the RV was subject to a security interest held by Hometown Bank. Therefore,

Allen was not the legal or statutory "owner" of the RV at the time of the alleged

conversion or at any time during which this action was initiated. *See Auto*

*Acceptance Corp. v. T.I.G. Ins. Co.*, 89 S.W.3d 398 (Ky. 2002); *Motorists Mut.*

*Ins. Co. v. Hammond*, 355 F.3d 593, 597 (6th Cir. 2004).

The court correctly dismissed Allen's conversion claims because he

never held legal title to the RV. Without establishing this first essential element,

Allen could not prevail on his conversion claim as a matter of law; therefore,

summary judgment was proper on this claim.

## FRAUD

Allen next argues that the trial court erroneously dismissed his fraud

claims. To succeed on a fraud claim, proof of the following by clear and

convincing evidence is required:

> (1) that the declarant made a material representation to the
> plaintiff, (2) that this representation was false, (3) that the
> declarant knew the representation was false or made it
> recklessly, (4) that the declarant induced the plaintiff to act
> upon the misrepresentation, (5) that the plaintiff relied
> upon the misrepresentation, and (6) that the
> misrepresentation caused injury to the plaintiff. The
> plaintiffs [sic] reliance, of course, must be reasonable . . . .
> **The misrepresentation, moreover, must relate to a past**
> **or present material fact. "A mere statement of opinion**
> **or prediction may not be the basis of an action."** This
> means, as the Court of Appeals held, that forward-looking

> opinions about investment prospects or future sales
> performance such as those involved in this case generally
> cannot be the basis for a fraud claim.

*Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (emphasis added) (citations omitted).

The basic allegations of Allen's fraud claims concern Ashley's statements regarding criminal prosecution if Allen were to transport the RV across the state line, as well as his assurances that the matter would be resolved. However, under *Flegles*, these "forward-looking" statements do not constitute fraud. Neither of these alleged fraudulent statements concerned past or present facts, but rather future actions. Consequently, Allen's fraud claims fail as a matter of law, and the trial court did not err in granting summary judgment.

## AMENDMENT TO PLEADINGS

Allen further argues the trial court erred by denying his motions to amend his counterclaim to add allegations of unjust enrichment against Hometown Bank. CR 15.01 governs amended pleadings, stating "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Another panel of our Court has held:

> In determining whether to grant a motion to amend a
> party's complaint, a circuit court "may consider such
> factors as the failure to cure deficiencies by amendment
> or the futility of the amendment itself." *First National*

> *Bank of Cincinnati v. Hartman*, 747 S.W.2d 614, 616
> (Ky. App. 1988). Other factors include whether
> amendment would prejudice the opposing party or would
> work an injustice. *See Shah v. American Synthetic
> Rubber Corp*., 655 S.W.2d 489, 493 (Ky. 1983).
> Ultimately, whether a party may amend his complaint is
> discretionary with the circuit court, and we will not
> disturb its ruling unless it has abused its discretion.[6]
> *Lambert v. Franklin Real Estate Co*., 37 S.W.3d 770, 779
> (Ky. App. 2000).

*Kenney v. Hanger Prosthetics & Orthotics, Inc*., 269 S.W.3d 866, 869-70 (Ky.

App. 2007) (footnote added).

For unjust enrichment, a plaintiff must prove: "(1) benefit conferred

upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by

defendant; and (3) inequitable retention of benefit without payment for its value."

*Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009) (citation omitted). Allen

points out "[t]he problem is that the same circumstances that proved ownership for

the conversion claim also prove ownership here." While his logic is correct, his

conclusion, once again, is incorrect. For the reasons previously discussed, Allen

did not own the RV at the time he alleges Hometown Bank took possession of it.

Thus, amendment would be futile to Allen's success. Therefore, his unjust

---

[6] "The refusal of the chancellor to permit the filing of the amended answer and cross-petition, which was tendered after he had announced judgment in favor of appellees, was not an abuse of sound discretion." *Perros v. Stone's Adm'r*, 305 Ky. 142, 146, 202 S.W.2d 160, 162 (1947).

enrichment claims must fail as a matter of law, and the court did not err in denying Allen's request to amend his counterclaim.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders entered by the Knox Circuit Court are AFFIRMED.

THOMPSON, L., JUDGE, CONCURS.

CALDWELL, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANTS:

Bryan K. Sergent
Manchester, Kentucky

BRIEF FOR APPELLEE:

Mickey T. Webster
Thomas E. Travis
Lexington, Kentucky