RENDERED:  FEBRUARY 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0608-MR

AMANDA LEBENS          APPELLANT

v.      APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 20-CI-006437

TYSON FARROW AND ABRAHAM
MARAMAN          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Amanda Lebens appeals orders dismissing her amended
complaint, denying her motion to reconsider same, and denying her motion to
amend her complaint a second time, entered by the Jefferson Circuit Court on
April 14, 2021; April 26, 2021; and May 18, 2021, respectively.  Following a
careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On or about May 25, 2020, Lebens was walking on the sidewalk near the intersection of South Third Street and Whitney Avenue in Louisville, Kentucky. While in this vicinity, she injured her foot when she stepped on a metal bolt protruding from the sidewalk, allegedly where a trash receptacle owned by the city was formerly located.

A few months later, on November 2, 2020, Lebens sued Vanessa D. Burns, in her official capacity as the Director of City of Louisville Metro Department of Public Works, as well as in her individual capacity, and John Does 1 and 2 at the Metro Department of Public Works. Burns moved the trial court to dismiss her as a party.

After receiving Burns's discovery responses, Lebens filed an amended complaint on January 13, 2021, adding Abraham Maraman and Tyson Farrow– employees of the City of Louisville Department of Public Works–as defendants in their official and individual capacities. The amended complaint alleged Maraman as the "Equipment Coordinator" and Farrow as the "Solid Waste Manager" were responsible for the training and supervision of the John Does who were tasked with removing the trash receptacle but left the steel bolt protruding from the sidewalk.

On January 21, 2021, the trial court found Burns was entitled to sovereign and qualified immunity and dismissed her with prejudice. On January

29, 2021, Maraman and Farrow moved the trial court to dismiss them as defendants. Lebens responded and moved the trial court for a summary judgment in her favor on the issue of whether Maraman and Farrow were protected by qualified immunity. On April 14, 2021, the trial court found Maraman and Farrow were entitled to sovereign and qualified immunity and dismissed them with prejudice.

The following day, April 15, 2021, Lebens moved the trial court for leave to file a second amended complaint to add a defendant, Leequan Grimes–another employee of the City of Louisville Department of Public Works–in both his official and individual capacities. However, the second amended complaint still contained her previous allegations against Burns, Maraman, and Farrow, even though the trial court had specifically found them immune and dismissed them with prejudice. A few days later, on April 19, 2021, Lebens moved the trial court to reconsider its order dismissing her amended complaint. Lebens noticed her motion to be heard on April 26, 2021; however, neither she nor her counsel appeared to argue the motion. Accordingly, the motion was remanded on that date. On May 3, 2021, Lebens moved the trial court again to reconsider its order dismissing her complaint. On May 18, 2021, the trial court entered its order denying Lebens's motions to reconsider, and this appeal followed.

## STANDARD OF REVIEW

The standard of review of a ruling on a motion for judgment on the

pleadings is well-established:

> Kentucky's "Civil Rule [("CR")] 12.03 provides that any party to a lawsuit may move for a judgment on the pleadings." *City of Pioneer Village v. Bullitt Cty.*, 104 S.W.3d 757, 759 (Ky. 2003). A judgment on the pleadings "should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief." *Id.* "[T]he circuit court is not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002). Further, CR 12.03 may be treated as a motion for summary judgment. *Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.*, 360 S.W.3d 171, 177 (Ky. 2012). We review a judgment on the pleadings *de novo*. *Id.*

*Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 594 (Ky. App. 2017).

## ANALYSIS

On appeal, Lebens first contends the trial court incorrectly granted the

motion for judgment on the pleadings, finding Farrow and Maraman entitled to

qualified official immunity. The standard for immunity is also well-settled:

> "Official immunity" is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. It rests not on the status or title of the officer or employee, but on the function performed. *Salyer v. Patrick*, 874 F.2d 374 (6th Cir. 1989). . . . [W]hen an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if

-4-

any, to which the agency, itself, would be entitled. . . . But when sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment.  63C AM. JUR. 2d, *Public Officers and Employees*, § 309 (1997).  Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, *id*. § 322; (2) in good faith; and (3) within the scope of the employee's authority.  *Id*. § 309; Restatement (Second) [of the Law of Torts § 895D cmt. g. (A.L.I. 1979)].  An act is not necessarily "discretionary" just because the officer performing it has some discretion with respect to the means or method to be employed.  *Franklin* [*Cty.*] *v. Malone*, [957 S.W.2d 195, 201 (Ky. 1997) (quoting *Upchurch v. Clinton Cty.*, 330 S.W.2d 428, 430 (Ky. 1959))].  Qualified official immunity is an affirmative defense that must be specifically pled.  *Gomez v. Toledo*, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).

Conversely, an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act, *i.e.*, one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts.  *Franklin* [*Cty.*] *v. Malone*, *supra*, at 201.  "That a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in nature."  *Upchurch v. Clinton* [*Cty.*], *supra*, at 430.  *See also* Restatement (Second) Torts, *supra*, § 895D cmt. h; 63C AM. JUR. 2d, *Public Officers and Employees*, §§ 324, 325 (1997).

*Yanero v. Davis*, 65 S.W.3d 510, 521-22 (Ky. 2001).

Here, we must determine what qualified immunity Farrow and Maraman enjoy, if any, as an affirmative defense to the claims against them. We here note that qualified immunity is not a blanket shield for all tort claims. *Yanero*, the seminal authority on governmental immunity in Kentucky, held that qualified official immunity protects *discretionary* acts negligently performed by public officials so long as they are acting within their authority and in good faith. *Id*. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6, 134 S. Ct. 3, 5, 187 L. Ed. 2d 341 (2013) (per curiam) (internal quotation marks and citations omitted). "[W]hen sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment." *Yanero*, 65 S.W.3d at 522 (citation omitted).

Neither Farrow nor Maraman was a party to the original complaint in this action; however, both were added as defendants in Lebens's amended complaint in which she alleged that Farrow and Maraman were negligent in their duties to train and supervise the John Does who removed the trash receptacle. The trial court correctly pointed out that Lebens failed to allege that either Farrow or

Maraman was directly involved in the removal of the trash receptacle or that either acted in bad faith.

The trial court cited *Haney v. Monsky*, 311 S.W.3d 235 (Ky. 2010), in support of its finding that the alleged actions of Farrow and Maraman were discretionary rather than ministerial. In *Haney,* the Supreme Court of Kentucky held, "[t]his is not to say that every rule or order must be exhaustively specific to make a general supervisory duty a ministerial function, but it must, at least, be sufficiently specific to restrict significant discretion in its enforcement." *Id.* at 243. Like *Haney*, that cannot be said here. *Id.* Herein, there were no written manuals or orders concerning the removal of waste receptacles. In Burns's discovery responses, she stated, "[t]here is no written or formal 'procedure' as each incident of removal would require independent evaluation and the methods implemented would be based on the specific request." Thus, Farrow and Maraman were not simply supervising and enforcing known policies but, rather, were required to use their own judgment to fulfill their duties. Accordingly, the trial court correctly found their actions, as alleged in the complaint, naturally entailed the type of discretion that our courts have historically afforded immunity.

Lebens next contends the trial court erred in remanding and denying her motions to reconsider and set aside the order dismissing her amended

complaint. For the reasons made clear in this Opinion, we agree with the trial court that the motion for relief from the judgment was properly denied.

Although Lebens failed to cite to any of our rules governing civil procedure under which she sought post-judgment relief, the limited substance of her motions appears to be made under CR 59. In *Gullion*, the Court held there are:

> four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present **newly discovered or previously unavailable evidence**. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) (emphasis added).

In her motions to reconsider, as well as her argument on appeal, Lebens points to Farrow's and Maraman's discovery responses in her attempt to lay blame and defeat immunity, particularly toward Maraman. Lebens claims Farrow named Maraman as a person responsible for repair or replacement of trash receptacles and Maraman himself stated, "I replace or repair damaged receptacles directed by Tyson Farrow" in those discovery responses. Maraman verified his responses on March 29, 2021, and it is unclear when Farrow verified his as the verification page is not contained in the record. According to the certificate of

service, Maraman's discovery responses were mailed and emailed to Lebens's counsel the same day they were verified. Again, it is unclear when Farrow's discovery responses were served upon Lebens's counsel. Most importantly, however, is the fact that the first mention of these discovery responses in the record is when Lebens moved the trial court for reconsideration of its order dismissing Farrow and Maraman as defendants on April 19, 2021.

It is well-established, "[a] party cannot invoke [CR 59.05] to raise arguments and introduce evidence that could and should have been presented during the proceedings before entry of the judgment." *Hopkins v. Ratliff*, 957 S.W.2d 300, 301 (Ky. App. 1997) (citation and footnote omitted). Lebens was served Maraman's–and presumably Farrow's–discovery responses prior to this matter being submitted for final adjudication on April 14, 2021. Lebens could and should have moved the trial court to amend her complaint for the second time and/or provided the court with a notice of submission attaching the discovery responses prior to that time. Her failure to do so bars her from receiving post-judgment relief under CR 59.

Even so, Lebens argues her motion to reconsider was essentially one under CR 60.02. However, "CR 60.02, on the other hand, authorizes relief from a final judgment based upon newly discovered evidence *only* if:  (1) **the evidence was discovered *after* entry of judgment**; (2) the moving party was diligent in

discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; ***and*** (5) the evidence, if introduced, would probably result in a different outcome." *Id*. at 301-02 (emphasis added) (citation omitted). Herein, the evidence Lebens relies on was clearly served upon her *prior to* entry of the judgment. Thus, any claim for relief under CR 60.02 necessarily fails.

Lebens's final argument asserts the trial court erred in denying her motion to amend her complaint for the second time. Denial of a motion to amend under CR 15.01 is reviewed for an abuse of discretion. *Graves v. Winer*, 351 S.W.2d 193, 197 (Ky. 1961). Abuse of discretion occurs when the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

CR 15.01 provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"While liberality in granting leave to amend is desirable, the application is addressed to the sound discretion of the trial judge." *Bradford v. Billington*, 299

S.W.2d 601, 603 (Ky. 1957). Where abuse of discretion is not *clearly* shown, "the action of the trial judge will not be disturbed." *Id.*

> Another panel of our Court has held:
>
> In determining whether to grant a motion to amend a party's complaint, a circuit court "may consider such factors as the failure to cure deficiencies by amendment or the futility of the amendment itself." *First* [*Nat'l*] *Bank of Cincinnati v. Hartman*, 747 S.W.2d 614, 616 (Ky. App. 1988). Other factors include whether amendment would prejudice the opposing party or would work an injustice. *See Shah v.* [*Am.*] *Synthetic Rubber Corp.*, 655 S.W.2d 489, 493 (Ky. 1983). Ultimately, whether a party may amend his complaint is discretionary with the circuit court, and we will not disturb its ruling unless it has abused its discretion.[1] *Lambert v. Franklin Real Estate Co.*, 37 S.W.3d 770, 779 (Ky. App. 2000).

*Kenney v. Hanger Prosthetics & Orthotics, Inc.*, 269 S.W.3d 866, 869-70 (Ky. App. 2007) (footnote added).

In the case herein, Burns, Farrow, and Maraman were dismissed by the trial court as immune from the claims Lebens previously alleged against them *with prejudice*. Thus, Lebens is barred from filing another complaint against them for the same claims under *res judicata*, which precludes relitigation of an issue determined in a prior action. *See Sedley v. City of West Buechel*, 461 S.W.2d 556,

---

[1] "The refusal of the chancellor to permit the filing of the amended answer and cross-petition, which was tendered after he had announced judgment in favor of appellees, was not an abuse of sound discretion." *Perros v. Stone's Adm'r*, 305 Ky. 142, 146, 202 S.W.2d 160, 162 (1947).

-11-

559 (Ky. 1970).  Further, even though Lebens attempts to add a party, as well as additional claims against previous parties, in her second amended complaint, the identity of that party and those claims was known to her *prior to* the dismissal of her first amended complaint.  Accordingly, we cannot say the trial court clearly abused its discretion in denying Lebens's request to amend her complaint a second time.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Jefferson Circuit Court are AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Alan S. Rubin<br>Louisville, Kentucky | Michael O'Connell<br>Jefferson County Attorney |
|  | Roy C. Denny<br>Assistant Jefferson County Attorney<br>Louisville, Kentucky |