RENDERED:  FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0307-MR

FREEDOM DAY HEALTHCARE
CENTER LIMITED LIABILITY
COMPANY, AS GUARDIAN FOR
DOROTHY GARDNER, A DISABLED
ADULT                                                                          APPELLANT


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE AUDRA J. ECKERLE, JUDGE
                               ACTION NO. 20-CI-007099


MELINDA BURROUGHS;
BRITTANY BURROUGHS; AND
FIFTH THIRD BANK, N.A.                                                APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND EASTON, JUDGES.

CETRULO, JUDGE:  This is an appeal from a ruling of the Jefferson Circuit Court

which denied Appellant, Freedom Day Healthcare Center LLC, as Guardian for

Dorothy Gardner, ("Freedom Day") leave to file an amended complaint against Appellee Fifth Third Bank, N.A. ("Fifth Third"). Upon our review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

Dorothy Gardner ("Dorothy") is a single woman in her 80s who previously resided in Jefferson County and had no children, but did have substantial assets. In 2019, Dorothy lived next door to Melinda and Brittany Burroughs ("the Burroughs"). During that time, Dorothy executed a Living Trust in which all of her assets were placed (the "Trust") and named a family member of the Burroughs as the sole heir. The Burroughs established accounts for the Trust at Fifth Third.

In November 2020, Dorothy moved to an assisted living center, Freedom Day. That month, the Jefferson District Court appointed Freedom Day as an emergency guardian of Dorothy, specifically finding that she had been deemed disabled – Dorothy had been diagnosed with dementia – and directing any third party in possession of assets to turn over same to the guardian. The newly-named guardian, Freedom Day, was also specifically empowered to take legal action as necessary to preserve or recover assets of the estate. Freedom Day filed the underlying action within weeks of that order. The complaint asserted the Burroughs were financially exploiting Dorothy. Further, it alleged that Fifth Third had possession of certain assets, and it sought injunctive relief enjoining Fifth

Third from disposing of any assets and directing transfer of the accounts to Freedom Day.

Fifth Third timely filed an answer and reportedly froze the accounts. The record does not reflect any action by any party to this appeal until May 2021.[1] At that point, Freedom Day filed a motion for access to the bank accounts on behalf of Dorothy. Fifth Third responded and asserted that it had already agreed to transfer the accounts to Freedom Day. Fifth Third further asserted that counsel for Freedom Day had initially agreed to dismiss Fifth Third with prejudice, but then rescinded that agreement and requested a dismissal without prejudice. Therefore, Fifth Third moved the trial court to dismiss the claims against it. In response, Freedom Day filed a motion for leave to file an amended complaint pursuant to Kentucky Rule of Civil Procedure ("CR") 15.01.

The tendered amended complaint asserted that Fifth Third had continued to deny possession of the accounts and that such conduct was obstructive and amounted to a "conversion" of the accounts, entitling Freedom Day to compensatory and punitive damages. Fifth Third again responded that it had unequivocally agreed to refrain from disposing of any assets and to immediately deliver possession of the accounts, but that it also still sought the trial

---

[1] The parties exchanged some written discovery during this time, but there is nothing filed with the Court reflecting the extent of that discovery.

court's dismissal of the claims against it and denial of the motion to amend the complaint.

The trial court heard both motions, and entered an order on October 27, 2021, requiring Fifth Third to transfer the funds and further ordering that upon transfer of the funds, Fifth Third would be dismissed with prejudice. A separate order denied Freedom Day's motion to amend the complaint. Ultimately, the court entered a subsequent order adding language that the dismissal of Fifth Third was final and appealable and that there was no just cause for delay.[2] This appeal followed.

**STANDARD OF REVIEW**

An appellate court reviews a trial court's ruling on whether to allow leave to amend under an abuse of discretion standard. *Kenney v. Hanger Prosthetics and Orthotics, Inc.*, 269 S.W.3d 866, 869-70 (Ky. App. 2007) (citing *Lambert v. Franklin Real Estate Co.*, 37 S.W.3d 770, 779 (Ky. App. 2000)). The test for abuse of discretion is whether the decision of the trial judge "was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citation omitted).

---

[2] Although the notice of appeal lists the Burroughs as appellees, they were not affected by the trial court's rulings as to the claims against Fifth Third and have filed no pleadings or briefs on these issues.

-4-

To amend the pleading at this stage, after Fifth Third's responsive pleading and more than 20 days had passed, Freedom Day was required to seek leave of court. While it is true that CR 15.01 provides that leave "shall be freely given when justice so requires[,]" it is still discretionary with the trial court, and that decision will not be disturbed absent an abuse of that discretion. *Nami Res. Co., L.L.C. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323, 343 (Ky. 2018) (citation omitted).

Moreover, we have previously held that the trial court has wide discretion in such matters and "may consider such factors as the failure to cure deficiencies by amendment or the futility of the amendment itself." *Kenney*, 269 S.W.3d at 869 (quoting *First Nat'l Bank of Cincinnati v. Hartman,* 747 S.W.2d 614, 616 (Ky. App. 1988)); *Swearingen v. Hagyard Davidson McGee Assocs., PLLC*, 641 S.W.3d 186, 194 (Ky. App. 2022).

**ANALYSIS**

Based upon the facts presented at the hearing in this matter, we do not agree that the trial court abused its discretion in denying the filing of the amended complaint. Furthermore, we do not believe that the interests of justice would have been served had the court below allowed the amended complaint to be filed. The parties, through counsel, both agreed on the record that there had been several offers by Fifth Third to relinquish the funds and that the "sticking point" became

Fifth Third's request for a corresponding dismissal "with prejudice" of the sole claim against it, *i.e.*, injunctive relief ordering Fifth Third to relinquish the funds to Freedom Day. The record reflects that Freedom Day was willing to dismiss Fifth Third, but simply wanted the dismissal to be "without prejudice." As counsel for Freedom Day put it, he did not want to agree to dismissal "with prejudice" on the "one in a million" chance that further discovery of the Burroughs might show some actionable conduct by Fifth Third.

While we applaud zealous representation by counsel, the complaint did not assert any claim against Fifth Third, other than that it should be ordered to release the funds. The record clearly confirms the willingness of Fifth Third to do so and when counsel for Freedom Day would not agree to dismissal, Fifth Third moved the trial court to order that dismissal. The court then did so, in conjunction with the order directing the funds to be transferred.

The proposed amendment asserted a claim for conversion which appears from the record to have been based solely on the fact that Fifth Third had sought to be dismissed with prejudice, having satisfied the allegations of the complaint. It is difficult to understand how the actions of Fifth Third, through counsel, could support a claim for conversion. The elements for a claim of conversion were set forth in *Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849, 853 (Ky. App. 2014), as follows:

(1) the plaintiff had legal title to the converted property;

(2) the plaintiff had possession of the property or the right to possess it at the time of the conversion;

(3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment;

(4) the defendant intended to interfere with the plaintiff's possession;

(5) the plaintiff made some demand for the property's return which the defendant refused;

(6) the defendant's act was the legal cause of the plaintiff's loss of the property; and

(7) the plaintiff suffered damage by the loss of the property.

(Citation omitted.) It does not appear that any of the elements of a conversion claim were alleged in the proposed amended complaint, nor that the facts would have warranted that claim.

A trial court may deny the right to amend a pleading based on the futility of the amendment itself. *Kenney*, 269 S.W.3d at 869 (citation omitted). This essentially amounts to a failure to state a claim upon which relief could be granted. *Insight Kentucky Partners II, L.P. v. Preferred Automotive Services, Inc.*, 514 S.W.3d 537, 555 (Ky. App. 2016) (internal quotation marks and citation omitted). The trial court saw the proposed amendment was futile and denied that

relief. Since there were no further claims asserted in the original complaint, the court below properly and within its discretion dismissed Fifth Third as a party.

Fifth Third further argues that the appeal of Freedom Day identified only the order dismissing the complaint as to Fifth Third and, thus, our review should be limited to whether that dismissal was proper. Fifth Third asserts we should not even address the issue as stated by Freedom Day, *i.e.*, that the court abused its discretion in denying leave to amend. We find no abuse of the trial court's discretion in either regard. Accordingly, we affirm the order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Brian Schuette
Amanda L. Blakeman
Bowling Green, Kentucky

BRIEF FOR APPELLEE FIFTH THIRD:

J. Tanner Watkins
Philip E. Cecil
Louisville, Kentucky